**Michael Gregory ROBLES, Appellant,**

v.

**The STATE of Texas.**

No. 1305–00.

Court of Criminal Appeals of Texas, En Banc.

May 8, 2002.

Paul Nugent, Houston, for appellant.

Alan Curry, Assist. DA, Houston, Jeffrey L. Van Horn, First Assist. St. Atty., Matthew Paul, State's Attorney, Austin, for state.

PRICE, J., delivered the opinion of the Court, in which MEYERS, WOMACK, JOHNSON, and HOLCOMB, J.J., joined.

The appellant was charged with felony driving while intoxicated. Tex. Penal Code § 49.09(b). Before trial, he offered to stipulate to the existence of the two prior convictions the State was required to prove, and he requested that the trial court prevent the State from introducing evidence of the prior DWI convictions. The trial court denied the appellant's request, and the appellant pled guilty in lieu of going to trial.

The Court of Appeals reversed the appellant's conviction concluding that, under our holding in *Tamez v. State*, 11 S.W.3d 198 (Tex.Crim.App.2000), the State may read the indictment including the two alleged prior convictions but it may not introduce evidence of those prior convictions in its case-in-chief during the guilt-innocence phase of the trial. *Robles v. State*, 20 S.W.3d 162, 164 (Tex.App.-Houston

[14th Dist.] 2000).[1] We granted the State's petition to determine (1) whether evidence of two prior convictions is unfairly prejudicial under Rule of Evidence 403 when the accused agrees to stipulate to their existence and (2) whether admission of evidence of the prior convictions is error if the State does not allege additional prior convictions.[2]

## I. Rule 403

In a Rule 403[3] analysis, the trial court weighs the probative value of the evidence against the danger of unfair prejudice. The evidence the State would have introduced was not relevant to any contested issue in the case. In the absence of a stipulation, judgments from prior convictions would be relevant to show the existence of those prior convictions. The stipulation would have diminished the probative value of the prior convictions, however, because the same information would have been admitted in an alternate form. The appellant's offer to stipulate removed from contention the existence of the prior convictions.

The risk of unfair prejudice from the evidence would have been great because the judgments contained information that was not relevant in the guilt-innocence

---

1. The Court of Appeals overruled the State's motion for rehearing in an unpublished opinion. *Robles v. State*, No. 14–98–00548–CR, 2000 WL 702871 (Tex.App.-Houston [14th Dist.] June 1, 2000) (op. on reh'g) (not designated for publication).

2. The exact grounds on which we granted review are:

   (1) the Court of Appeals erred in holding that under Rule 403, the trial judge necessarily abused his discretion, when he refused to require the State to accept the appellant's stipulation as to his two prior convictions for DWI, even though it was not substantially and unfairly prejudicial to introduce evidence of those prior two convic-

tions, and even though there was little or no possibility that a trial judge or jury would improperly focus on the prior convictions of the appellant's bad character.
   (2) the refusal of the trial court and the State to agree to the defendant's offer to stipulate to two prior convictions necessary as jurisdictional elements error where no additional prior convictions are alleged in the indictment.

3. Rule 403 reads:

   Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless cumulation of evidence.

phase of the trial. Each judgment contained a notation that it was a DWI-third offense. Also, the judgments contained the sentences that were imposed in each case. Therefore, a jury could have gleaned, during the guilt-innocence phase, that the DWI charged here was the appellant's fifth alcohol-related offense and that the appellant had not served his full term for his last prior conviction. That kind of evidence is prejudicial and possesses no probative value.

Admitting evidence of prior convictions and other bad acts is generally prohibited during the guilt-innocence phase. The policy, embodied in Rule 404(b) [4] and the bifurcated trial procedure, Tex.Code Crim. Proc. art. 37.07 § 2(a),[5] addresses our concern that conviction not be based on the assumption that the accused is a criminal generally or that he is a person of bad character.

We undermine the efficacy of these safeguards if we allow the admission of judgments when the accused offers to stipulate to the required convictions' existence, and we enable the State to do what we prohibited in *Tamez:* tell the jury that the accused has many prior alcohol-related convictions. When the accused offers to stipulate that the jurisdictional convictions exist, the probative value of evidence of the same convictions is substantially outweighed by the danger of unfair prejudice.

## II.

Next we address whether admission of evidence of prior convictions is error when the State does not allege more prior convictions than are required to prove felony DWI.[6] The State wants us to limit *Tamez* to its particular facts. In that case, the State introduced six prior alcohol-related convictions. *Tamez,* 11 S.W.3d at 198. If it introduces evidence of only the two jurisdictional prior convictions, the State claims, it should not be bound by the stipulation.

We held the State could not introduce evidence of six prior convictions in its case-in-chief during the guilt-innocence phase of trial when the defendant offers to stipulate to the two jurisdictional prior convictions. *Tamez,* 11 S.W.3d at 201. We did not address whether the State could introduce evidence of *only* the two jurisdictional priors if the accused stipulates to their existence because the issue was not before us. The State argues that proof of the prior convictions is necessary. Proof of the convictions is necessary in that the prior convictions are elements of felony DWI. Tex. Penal Code § 49.09(b). But evidence of the convictions' existence is not necessary if the accused stipulates to

4. Rule 404(b) reads, in pertinent part:

   Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith.

5. Article 37.07 section 2(a) reads:

   In all criminal cases, other than misdemeanor cases of which the justice court or municipal court has jurisdiction, which are tried before a jury on a plea of not guilty, the judge shall, before argument begins, first submit to the jury the issue of guilt or innocence of the defendant of the offense or

offenses charged, without authorizing the jury to pass upon the punishment to be imposed.

For a history behind the bifurcated trial and its purpose, see *Brumfield v. State,* 445 S.W.2d 732 (Tex.Crim.App.1969).

6. The State framed this question in terms of whether it had to agree to the stipulation. That is not truly the issue. *See supra* note 2. In *Tamez,* we wrote that the trial court erred in failing to exclude the evidence of prior convictions, we did not refer to any requirement that the State or the trial court agree to the stipulation. *Tamez,* 11 S.W.3d at 202–03.

their existence because the statutory requirement has been satisfied. The admission of evidence of prior convictions is error, even though they are jurisdictional elements of the offense,[7] because the danger of unfair prejudice from introduction of the evidence substantially outweighs its probative value.

The judgment of the Court of Appeals is affirmed.

WOMACK, J., filed a concurring opinion, in which JOHNSON, J., joined.

KEASLER, J., filed this dissenting opinion joined by KELLER, P.J., and HERVEY and COCHRAN, J.J.

COCHRAN, J., filed a dissenting opinion in which KELLER, P.J., joined.

WOMACK, J., filed a concurring opinion, in which JOHNSON, J., joined.

I join the Court's opinion. I write only to point out that a dissenting opinion is incorrect to say, "Since the prior convictions were an element of the offense, ... judgments of those convictions prove nothing more than an element of the offense and are not unfairly prejudicial." *Post* at 215 (Keasler, J., dissenting).

The element of the offense to which the dissent refers is that "the person has previously been convicted ... (2) two times of any other offense relating to the operating of a motor vehicle while intoxicated."[1] The indictment almost always alleges details of the convictions, such as the date of the conviction, the court in which the con-

viction was entered, and the docket number of the case. But these are not elements of the offense; they are alleged only to give notice to the defendant.

The judgments that were entered in DWI convictions will contain not only the date, docket number, and court, but also the names of the attorneys, the plea, whether a jury heard the case, the submission of the evidence, the verdicts or findings, the punishment, the sentence, the date of the offense, credit for time served, and other information.[2] If there was a plea bargain, the terms of it will appear.[3] If there was probation, the length and conditions of community supervision will appear.[4] If the sentence was cumulated with another sentence, that information will appear.[5] These things are required by statute; to know that such information will be in every judgment, it is not necessary to refer to judgments that were attached to briefs in this case.

These things are no more elements of the offense of DWI, than an autopsy report is an element of the offense of murder. To say that the judgments of conviction prove nothing more than an element of the offense is simply incorrect.

KEASLER, J., filed this dissenting opinion joined by KELLER, P.J., and HERVEY and COCHRAN, J.J.

I believe the two jurisdictionally-required prior convictions were admissible

---

7. Jurisdiction vests with the district court for felony DWI when the indictment is presented containing the requisite number of prior alcohol-related convictions. *Tamez,* 11 S.W.3d at 201. If the State alleged two prior DWI convictions, but the State was only able to prove the existence of one prior DWI at trial, the case would not be dismissed and sent to a misdemeanor court for a new trial.

1. TEX. PENAL CODE § 49.09(b).

2. *See* TEX.CODE CRIM PROC. art. 42.01, § 1.

3. *See id.,* § 1(20).

4. *See id.,* § 1(10).

5. *See id.,* § 1(19).

evidence. Therefore, I respectfully dissent.

The majority concludes that the admission of Robles's two prior DWI convictions was unfairly prejudicial under Rule 403. This holding is flawed for several reasons. First, the two prior convictions are an essential element of felony driving while intoxicated and must be proved at trial in order to authorize a conviction.[1] The majority holds that evidence of elements of an offense, required by law to be proved to authorize a conviction, may be unfairly prejudicial to the defendant. I disagree. If the facts proved show nothing more than an element of the offense, those facts may be prejudicial, but are not unfairly prejudicial.[2] Granted, if the State sought to introduce the gory details of each offense, those extraneous details could be unfairly prejudicial to the defendant. But the majority holds that any evidence of the prior convictions would be unfairly prejudicial, including the mere judgments of conviction. Since the prior convictions were an element of the offense, I would hold that judgments of those convictions prove nothing more than an element of the offense and are not unfairly prejudicial. To hold otherwise, as the majority does, opens a wide door through which many defendants will attempt to pass, arguing that proof of the elements of other offenses is unfairly prejudicial.

The majority also errs in conducting the Rule 403 balancing analysis itself. Under *Montgomery v. State*,[3] we made clear that we are to review the trial court's balancing test of probativeness versus prejudice under an abuse of discretion standard rather than conducting that review *de novo*. The majority fails to review the trial court's decision with the appropriate deference and instead conducts the balancing test itself.

The majority's holding also indicates that from now on, in all DWI cases, if the defendant offers to stipulate to the two jurisdictional priors, the danger of unfair prejudice of those two priors will always outweigh their probative value. I do not think the Court intended such a broad holding from the limited facts of *Tamez v. State*.[4] My reading of today's holding is that from now on, trial judges are without authority to weigh the probative value against any unfair prejudice in cases like this one. They must always conclude that admitting any evidence of the two jurisdictional priors is unfairly prejudicial. This mandate effectively overrules *Montgomery*.

Finally, I am troubled by the majority's conclusion that the risk of unfair prejudice was great in this case "because the judgments contained information that was not relevant in the guilt-innocence phase of the trial," including notations that each was a third offense and the sentences imposed in each case.[5] But neither of these previous judgments is in the record; rather, they are merely attached as appendices to Robles's brief. An appellate court cannot consider documents attached to briefs that do not appear in the appellate record.[6]

**1.** *Luedke v. State*, 711 S.W.2d 657, 659 (Tex. Crim.App.1986).

**2.** *See Montgomery v. State*, 810 S.W.2d 372, 378 (Tex.Crim.App.1990) (op. on orig. subm.).

**3.** 810 S.W.2d 372, 391–92 (Tex.Crim.App. 1990) (op. on reh'g).

**4.** 11 S.W.3d 198 (Tex.Crim.App.2000).

**5.** *Ante*, op. at 213.

**6.** *See* Tex.R.App. P. 34.1; *Vanderbilt v. State*, 629 S.W.2d 709, 717 (Tex.Crim.App.1981); *James v. State*, 997 S.W.2d 898, 901 n. 5 (Tex.App.-Beaumont 1999, no pet.).

We should not consider the particular facts of the judgments in this case.

I understand the majority's concern about a DWI defendant's being convicted solely on his prior convictions rather than on the offense charged. But the solution to that problem is in a revision of the statute. As written, the statute requires proof of the prior convictions at the guilt-innocence stage of trial in order to prove felony DWI. To avoid any risk of juries condemning DWI defendants as criminals generally, the Legislature could rewrite the statute to provide that evidence of the prior convictions is admissible at punishment via an enhancement provision. But that is for the Legislature to do if they choose. "Above all we must remember that this Court's power of judicial review is not an exercise of the powers of a super-Legislature." [7] In lieu of any statutory revision, we should hold that the judgments of the prior convictions are admissible evidence at guilt-innocence.

I would reverse the court of appeals and affirm the judgment of the trial court. Because the majority holds otherwise, I dissent.

COCHRAN, J., filed a dissenting opinion in which KELLER, P.J., joined.

I join Judge Keasler's dissenting opinion in this case. I write separately to clarify the very limited nature of our ruling in *Tamez v. State*, 11 S.W.3d 198 (Tex.Crim. App.2000). In that case this Court held that:

1. In a felony D.W.I. case;

2. When the defendant offers to stipulate to the two jurisdictionally required D.W.I. prior convictions;

3. The defendant has made an offer the State cannot refuse; and

4. That written stipulation substitutes for the admission of other extrinsic evidence of the defendant's prior D.W.I. convictions.

That is the sum and substance of this Court's holding in *Tamez*. It is a holding which this Court ought not expand.

Specifically, the decision in *Tamez* does not imply that the State can be prevented from reading the full indictment, including the jurisdictionally-required prior convictions, to the jury. Further, that decision does not mean that the jury will hear nothing about the prior convictions. It will. And it must. The stipulation substitutes for evidence and that stipulation must be read to the jury or, at least, introduced into evidence.

In this case, appellant's counsel filed a motion offering to stipulate to appellant's prior convictions. That stipulation, which would have been valid only had it been personally signed by appellant, stated:

> Defendant hereby stipulates that his two prior driving while intoxicated convictions as alleged in the indictment, to wit: Cause No. 629,133 in the 232nd District Court and Cause No. 555,082 in the 351st District Court are true and correct. Defendant further stipulates that the 263rd Judicial District has jurisdiction of the above styled and numbered felony driving while intoxicated cause of action, pursuant to § 49.09(b) of the Texas Penal Code.[1]

Fine. That stipulation would simply substitute for extrinsic evidence. Here, however, appellant's written motion and his oral argument to the trial court clearly implied

---

7. *Dennis v. United States*, 341 U.S. 494, 526, 71 S.Ct. 857, 95 L.Ed. 1137 (1951) (Frankfurter, J., concurring).

1. This is the language contained in appellant's motion to suppress which was signed only by his attorney.

that he sought to exclude *any* mention of the prior convictions, whether by reading the indictment or offering the stipulation into evidence, during the guilt-innocence stage. Specifically, appellant told the trial judge:

> Judge, we have got a motion to suppress the prior DWI convictions from coming in at guilt innocence. I know the law in Texas that priors come in [at the] guilt and innocence [stage] to confer jurisdiction on that Court for a felony DWI, but it's our contention that the jury shouldn't hear about the priors, if at all, until punishment but not in the guilt or innocence[.] Under 403, unduly prejudice.

It is not surprising that the trial court denied appellant's motion to suppress under these circumstances. Neither *Tamez*, nor *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), the Supreme Court case upon which *Tamez* was built, even remotely suggest that trial judges are required to hide jurisdictional elements of an offense from the jury. They are not. The only relief to which *Old Chief* or *Tamez* entitle a defendant is to require the substitution of a bland but informative stipulation in lieu of unfairly prejudicial extrinsic evidence which is relevant solely to prove a jurisdictional element of an offense.

The majority states that admission of the judgments of the prior convictions in this case would have resulted in unfair prejudice because they would have shown that appellant actually had four prior DWI convictions. That is a good argument, but it was never made to the trial court. The prior judgments are not in the record— they are attached to appellant's brief. It is curious that this court would reverse a conviction based upon the purportedly unfair prejudice of evidence that was never even shown, discussed, or mentioned to the trial judge. Some people call this sandbagging. This Court should not base its decisions upon extra-record materials, never seen by the trial court.

I respectfully dissent.