NO. 07-02-0040-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 27, 2003

______________________________

ROBERT C. HERRING, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 137
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-435386; HONORABLE CECIL PURYEAR, JUDGE

_______________________________

Before JOHNSON, C.J., QUINN and REAVIS, JJ.

OPINION

Appellant Robert C. Herring was convicted of the offense of failing to register as a sex offender because he failed to report, in person, an intended change of address to local law enforcement personnel seven days prior to the anticipated move.   Via two issues, appellant urges that the trial court (1) abused its discretion in denying his offer to stipulate that he had been convicted of an offense that required him to register as a sex offender and then excluding evidence of the exact nature of his prior crime; and (2) erred in overruling his motion to suppress a statement given by him while he was allegedly in custody.  We affirm. 

BACKGROUND

Appellant was convicted in June, 1996, of Attempted Indecency with a Child by Contact.  The conviction was in Cause No. 960919 in the 299th
 District Court of Travis County.  He was sentenced to 10 years incarceration, probated for five years, and was placed on community supervision.  

In January, 2001, appellant was indicted in Lubbock County for failing to timely report an intended change of address to the local law enforcement authority after having been convicted of a reportable sex offense.  The alleged failure to report took place in November, 2000.

Prior to trial, appellant offered to stipulate to his 1996 conviction.  In conjunction with the proposed stipulation, he moved to preclude the State from telling the jury that he had been convicted of attempted indecency with a child and from introducing evidence, such as parts of the judgment of conviction, which would place before the jury the specific offense description.  The State rejected appellant’s offer, and the trial court refused to accept the stipulation.  Appellant then requested and was granted a running objection
(footnote: 1) to the State’s informing the jury, and introducing evidence, of the specific offense.  

During 
voir dire,
 the State informed the jury venire that appellant had been convicted of attempted indecency with a child by contact and was thus required to report an intended change of address.  During the guilt-innocence stage of trial, the indictment describing the prior conviction was read to the jury and evidence naming the specific offense was offered by the State and admitted.  The facts underlying the prior offense were not offered as evidence at the guilt-innocence stage.      

The jury found appellant guilty.    

ISSUE ONE: OFFER TO STIPULATE 

In his first issue, appellant complains that the trial court should have accepted his proposed stipulation as to his prior conviction, prohibited the State from informing the jury of what the specific offense was, and excluded evidence of what the specific offense was.  In support of his argument, he cites 
Old Chief v. United States
, 
519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), 
Robles v. State
, 85 S.W.3d 211 (Tex.Crim.App. 2002), and 
Tamez v. State
, 
11 S.W.3d 198 (Tex.Crim.App. 2000).   

In 
Old Chief
, 
the defendant was charged with possession of a firearm by a felon
.  
The defendant offered to stipulate to his prior conviction, which was for assault causing serious bodily injury.  He also moved to preclude the government from disclosing to the jury the exact nature of his prior felony.  The government refused the stipulation, and the trial court declined to force the government to accept it.  Over defendant’s objection, the government then introduced the judgment and order of commitment from the prior conviction.  Old Chief was convicted by a jury and appealed.  

The Supreme Court 
determined that when evidence of the prior crime would not be admissible for any purpose beyond proving status, so that excluding the evidence would not deprive the prosecution of evidence with multiple utility (such as motive, opportunity, etc.), then as a matter of federal evidentiary law, allowing proof of the name or general character of the prior felony was of insignificant probative value, could substantially prejudice the jury, was an abuse of discretion by the trial court, and was reversible error.  
Old Chief
, 
519 U.S. at 191-92.  

In 
Robles
 the defendant offered to stipulate to his two prior DWI convictions on which the pending indictment for felony DWI was based, and requested the trial court to exclude evidence of the prior convictions.  The trial court denied the request, and Robles pled guilty.  The Court of Appeals reversed and the Court of Criminal Appeals affirmed the reversal.  
Robles
, 85 S.W.3d at 213 -14.  The basis for the 
Robles
 holding was that in the guilt-innocence stage of trial, the danger of unfair prejudice from introduction of the evidence substantially outweighed its probative value.  
Id
.    

In the matter before us, the State was required to prove, as an element of its case, appellant’s status as having been convicted of one of the specifically-enumerated offenses for which sex offender registration is required.  
See
 
Tex. Crim. P. Code Ann
. 
art. 62.01(5) and 62.02 (Vernon Supp. 2003).
(footnote: 2)  
In response to appellant’s offer to stipulate and to exclude evidence, the State advanced no reason for disclosure to the jury of the description of the specific crime such as proof of motive, opportunity, intent, etc.  
See
 
Tex. R.  Evid
. 404(b).
(footnote: 3)  The State’s attorney opined, however, that contents of the judgment and other documents with appellant’s signature would prove his knowledge of the reporting requirement.  Appellant’s counsel then requested that the judgment and other documents be redacted to remove descriptions of the crime and age of the victim.  

The trial court granted appellant’s request for redaction of the victim’s age, but otherwise denied appellant’s request.  The judgment and other documents specifically setting out that appellant was previously convicted of attempted indecency with a child were admitted during guilt-innocence, and witnesses testified to the description of his prior crime.    

Under the holding of 
Robles
, 
the trial court abused its discretion by refusing (or allowing the State to refuse) appellant’s offer to stipulate and denying appellant’s request to exclude evidence specifying the crime for which he had been previously convicted unless the specific nature of the crime was admissible for some purpose such as proof of motive, opportunity, preparation, or the like.  
See
 
TRE
 
404(b)
; 
Robles
, 85 S.W.3d at 213 -14.  Under this record, it was not.  Thus, the trial court erred when it failed to accept appellant’s proposed stipulation and exclude evidence of the nature of his prior conviction. 

 Our analysis does not end with determining that the trial court erred, however.  Errors in admitting evidence are non-constitutional.  
See
 
Solomon v. State
, 
49 S.W.3d 356, 365
 (Tex.Crim.App. 2001).  Such errors must be disregarded unless they affect substantial rights.  
See
 
Tex. R. App. P
.
 
44.2(b)
; 
Solomon
, 
49 S.W.3d at 365
.     

For the most part, appellant’s trial strategy was that he was deaf, did not understand all of the requirements of his community supervision, and did not understand his reporting requirements.  Appellant did not testify, but the thrust of his counsel’s cross-examination of witnesses was to such effect.  Appellant’s defense strategy is reflected by his counsel’s final jury summation.  The summation comprises 13 pages of the reporter’s record.  Over 10 of those pages are devoted to addressing appellant’s alleged lack of communicative skills and reasons for his alleged lack of understanding of reporting requirements.  His counsel acknowledged to the jury that appellant “technically” violated the reporting requirement, but argued that the State had not proved appellant intentionally and knowingly did so.  

Documents setting out the terms of appellant’s community supervision were admitted without objection, except for objection as to the description of the prior crime and age of the victim.  Those documents contained appellant’s registration requirements and were signed by appellant.  His community supervision conditions contained multiple references to, among other matters, appellant’s restriction from (1) residing in areas where minor children congregate or in residences where they live, (2)  accepting employment that would bring him into contact with children, and (3) having contact with children without an adult present.  Therefore, even if the indictment had not been read, even if the judgment of conviction had been redacted to delete the exact offense description, and even if the name of the exact offense had been excluded from evidence, other evidence admitted in the guilt-innocence phase would have strongly implied to the jury that the prior conviction involved a child or children. 

We conclude that under this record, and given the strength of the State’s case against appellant, the error did not affect appellant’s substantial rights.  It was, therefore, harmless.  
See
 
Solomon
, 
49 S.W.3d at 365
.  Appellant’s first issue is overruled.  

ISSUE TWO: FAILURE TO SUPPRESS STATEMENT

By his second issue, appellant complains that the trial court should have granted his motion to suppress a statement he made to an employee of the police department.  He urges that the statement was the result of custodial interrogation and he was not timely advised of his 
Miranda
 
rights or the rights provided by article 38.22 of the Code of Criminal Procedure.
(footnote: 4)  The custodial interrogation allegedly occurred when appellant met with Amy Lewis, an employee of the Lubbock Police Department, to report his change of address.

In support of his second issue, appellant cites 
Arizona v. Mauro
, 481 U.S. 520, 526-27, 107 S.Ct. 1931, 95 L.Ed.2d 458 (1987), and 
Miffleton v. State
, 777 S.W.2d 76, 81-2 (Tex.Crim.App. 1989), for the proposition that he was “interrogated” by Lewis because her words and actions were reasonably likely to elicit an incriminating response from him.  However, he cites no authority for his position that he was in custody at the time he made his statement to Lewis.  He argues that he was in custody because under the sex-offender laws he was required to report to Lewis; any attempt to leave or terminate the “interview” would have resulted in criminal prosecution against him; and he had no choice but to participate in the interrogation.       

Article 38.22 of the CCP and 
Miranda
 apply only to statements made as the result of custodial interrogation.  
See
 Article 38.22, § 5 (nothing in article precludes admission of statement made by accused if statement does not stem from custodial interrogation); 
Miranda v. Arizona
, 384 U.S. 436, 478, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).  Whether a person is in custody is an objective determination based on all the circumstances. 
 
See
 
Dowthitt v. State
, 
931 S.W.2d 244, 254-55 (Tex.Crim.App. 1996) (citing 
Stansbury v. California
, 511 U.S. 318, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994)).  
A person is in custody only if, under all the circumstances, a reasonable, innocent person would believe that the person’s freedom of movement was restrained to the degree associated with an arrest.
  
See
 
Dowthitt
, 931 S.W.2d at 255.

The only witness at the suppression hearing was Lewis.  She testified that she was an employee of the police department but was not a police officer.  She did not wear a uniform when at work.  She was responsible for registering sex offenders, maintaining the paper work of the Sex Offender Registration Program, and posting information on a web site.  On November 9, 2000, she received a fax from appellant’s probation officer to the effect that appellant had changed addresses.  On November 15, appellant came into the police department without any request from her.  He was there approximately 15 minutes during which time she asked him
(footnote: 5) where he was living and working.  He gave her an address where he was living and told her he would be moving again within a week.  She  explained to him that he was required to notify her seven days prior to a move.  
Lewis further testified that she does not read sex offenders their rights when they report to her; she does not consider them to be in custody or under arrest; and appellant was free to leave at any time.  On cross-examination, Lewis agreed that the purpose of the interview was to find out where appellant was living and to make a criminal report in “anticipation of prosecution.”  Even so, she never wavered in her position that appellant was not physically, verbally, or in any other manner restrained.  And, to the extent that there were any inconsistencies in Lewis’s testimony or any credibility issues, the trial court was the sole judge of those matters and its decision will not be disturbed absent an abuse of discretion.  
See
 
Long v. State
, 
823 S.W.2d 259, 277 (Tex.Crim.App. 1991), 
cert
. 
denied
, 505 U.S. 1224, 112 S.Ct. 3042, 120 L.Ed.2d 910 (1992).         

Appellant’s reporting to Lewis may not have been entirely voluntary:  the law required him to report in person.  The circumstance of fulfilling his obligation to report in person, in and of itself, however, would not lead a reasonable, innocent person to believe themselves to be restrained to the degree associated with an arrest during the time the report was being made.  

Appellant contacted Lewis without prior request from her at a date and time of his own choosing, he was not told he was under arrest, he stayed only 15 minutes, and he left when he chose to do so.  Considering all the circumstances, appellant was not in custody.  
See
 
Dowthitt
, 931 S.W.2d at 255-56
; 
Meek v. State
, 
790 S.W.2d 618, 622 (Tex.Crim.App. 1990) (defendant was not in custody when he came to the fire station of his own free will at a time of his choosing, was allowed to step outside the building unaccompanied during the interview, left unhindered at the end of the interview, and was not arrested or detained until five weeks later); 
Rice v. State
, 
893 S.W.2d 734, 737 (Tex.App.--Texarkana 1995, pet. ref’d) (
defendant was not in custody when he voluntarily contacted the police officer, was not told he was under arrest, was free to leave at any time, and was taken to his sister’s house by the officer at his request).  
Accordingly, we overrule appellant’s second issue. 

CONCLUSION 

Having overruled both of appellant’s issues, we affirm the judgment of the trial court. 

 

Phil Johnson

Chief Justice

Quinn, J. not participating.

Publish
. 

FOOTNOTES
1:
A running objection can satisfy the 
Tex. R. App. P
. 33.1(a) requirement of a timely objection, and thus preserve error.  
See
 
Ford v. State
, 919 S.W.2d 107, 113 (Tex.Crim.App. 1996); 
Ethington v. State
, 819 S.W.2d 854, 858-59 (Tex.Crim.App. 1991).  During trial, appellant’s attorney periodically referenced, and the trial court acknowledged, the court’s pretrial refusal of his proposed stipulation and granting of a running objection.  As in 
Ford
, the trial court understood appellant’s complaint and ruled adversely thereon.  Error was preserved.

2:
Further reference to the Code of Criminal Procedure will be by reference to “CCP art. ____.”

3:
Further reference to a Rule of Evidence will be by “TRE ____.”

4:
Pursuant to this article, no statement of an accused made as a result of custodial interrogation is admissible without a showing of certain specified warnings.  
CCP 
art. 38.22 §§ 2 and 3. 

5:
Communications between appellant and Lewis were in writing because of appellant’s hearing impairment.