Mary Elizabeth Young v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-186-CR

     MARY ELIZABETH YOUNG,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the County Court at Law No. 2
Montgomery County, Texas
Trial Court # 01-169650
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Mary E. Young appeals her conviction by a jury of the offense of driving while intoxicated,
a Class A misdemeanor. The trial court assessed her punishment at one year in the Montgomery
County jail and a $3000 fine. Young contends in three issues that: (1) the trial court erred in
admitting the retrograde extrapolation testimony of Julie Evans and her opinion that Young was
intoxicated at the time of driving; (2) the trial court erred in refusing to include in the jury charge
her special requested instruction on the law applicable to breath test results, which required special
jury consideration; and (3) the trial court erred in allowing the jury to be informed of details of
her prior D.W.I. conviction, which were not elements of the offense, in both the reading of the
indictment and in the jury charge, where she had stipulated to the prior conviction in order to
satisfy the jurisdictional element of the State's case. We affirm.
      Young contends in issue one that the trial court erred in admitting the retrograde extrapolation
testimony of Julie Evans and her opinion that Young was intoxicated at the time of driving. Julie
Evans testified that she is a technical supervisor in the breath alcohol testing program of the Texas
Department of Public Safety. She testified without objection that, considering absorption was
complete or almost complete at 6:00 p.m., thirty minutes after Young had said she had her last
drink, and considering the elimination rate, a rough estimate of her blood alcohol concentration
at the time she was driving was .12. After another question was asked, appellant objected to the
entire line of questioning because it had not been established that Evans is an expert on retrograde
extrapolation. The trial court overruled the objection. Evans then testified without objection that
if a person had not had a drink since 5:30 p.m., the breath alcohol concentration would be higher
at the time of the traffic stop than at the time of a subsequent breath test. When the State
subsequently asked Evans if she had an opinion as to whether Young was intoxicated at the time
she was driving, counsel for Young objected, urging that it had not been shown that she had the
expertise to extrapolate to the driving time or that she had sufficient information regarding the
temperature of Young’s breath, her blood breath ratio, and other factors. After the trial court
overruled the objection, Evans testified that the hypothetical she had been given would indicate
that “that individual” was intoxicated at the time of driving.
      We first note that Evans had testified that she had learned about the physical effects of alcohol
upon the human body. She said that about a fourth of her past and continuing training was on this
topic. She also related that she had participated in two studies and conducted two more studies
on drinking subjects. She had been allowed, without objection, to extrapolate the blood alcohol
percentage in Young’s body as .12 at the time she was driving. We therefore hold that Young’s
later objections concerning Evans’s ability to extrapolate Young’s condition were untimely. Tex.
R. App. P. 33.1(a). Additionally, because of the prior extrapolation, any error in the admission
of the subsequent extrapolation did not affect Young’s substantial rights. Tex. R. App. P. 44.2(b).
      Young relies on the case of Mata v. State, 46 S.W.3d 902 (Tex. Crim. App. 2001). We find
that case to be distinguishable. In Mata, the court held that the trial court abused its discretion in
admitting testimony concerning extrapolation of the defendant’s blood alcohol concentration, from
a test taken after the defendant drove, back to the time of driving. Id. at 917. In so holding, the
court noted that inconsistencies in the witness’s testimony prevented him from explaining the
science to the court with any clarity. Id. It also noted that the only test of the defendant’s breath
was taken over two hours after the alleged offense and that the witness did not know a single
personal characteristic of defendant, including whether the defendant had eaten anything and, if
so, how much; how much the defendant had to drink; what the defendant had been drinking; when
the last drink was; the length of the drinking spree; or the defendant’s weight. Id. In the case at
bar, the witness was not inconsistent, the breath test was given less than two hours after the
alleged offense, and the expert knew how much the defendant had to drink, what the defendant
was drinking, and when the last drink was. Also, the witness had previously testified without
objection concerning extrapolation of Young’s blood alcohol concentration to the time of driving. 
We overrule issue one.
      Young asserts in issue two that the trial court erred in refusing to include in the jury charge
her special requested instruction on the law applicable to breath test results, which required special
consideration. Young requested the following instruction:
Ladies and gentlemen, you are instructed that the breath test results concerning the
alleged offense must be shown by the state to relate to the defendant’s alcohol
concentration at the time of her driving, if she was, beyond a reasonable doubt. Having
an alcohol concentration of 0.080 or greater while driving is an additional definition of
intoxication other than loss of use of mental or physical faculties by reason of the
introduction of alcohol into the body as alleged in this case concerning the defendant, and
the breath test was admitted, not to prove the truth that she had an alcohol concentration
of 0.080 or greater while driving, but to help you determine, if it does, whether there is
proof beyond a reasonable doubt that the defendant was driving while intoxicated. 

      This instruction tells the jury that it cannot consider the result of Young’s breath test in
determining what her blood alcohol concentration was at the time she was driving. Young argues
that this instruction is based on Mata. We have already recounted the holding in Mata. There is
nothing in Mata indicating that a jury may not consider a subsequent breath test, in addition to
other testimony in the case, to determine the defendant’s blood alcohol concentration at the time
of driving, and we are not aware of any. That being the case, Young’s proposed instruction did
not properly present the applicable law to the jury. Consequently, the trial court did not err in
failing to give the instruction. We overrule issue two.
      Young insists in issue three that the trial court erred in allowing the jury to be informed of
details of her prior D.W.I. conviction that were not elements of the offense, in both the reading
of the indictment and in the jury charge, where she had stipulated to the prior conviction in order
to satisfy the jurisdictional element of the State’s case. The stipulation was that “I, Mary Young,
stipulate and agree I have previously been convicted of Driving While Intoxicated, as alleged in
the State’s Information (Amended).” The stipulation, signed by Young, her attorney, and the
assistant district attorney, was admitted into evidence without objection.
      The information contained the following allegation concerning Young’s prior conviction,
alleged in order to make the case a Class A misdemeanor:
It is further presented that said defendant did so operate a motor vehicle, as aforesaid,
after she had theretofore been duly and finally convicted of the offense of being
intoxicated while she was operating a motor vehicle in a public place in Cause No.
63541, styled the State of Texas v. Mary Elizabeth Young, in Liberty County, Texas on
October 28, 1999.
      While there was a discussion between the trial court and Young’s counsel prior to the reading
of the information concerning the necessity or propriety of including in the reading the cause
number, style, county, and date of the prior conviction, Young’s counsel made no objection to the
trial court’s determination that the information would be read, including the facts concerning the
prior conviction that are included in the information. We also note that it is proper, when reading
the charging instrument, to mention the jurisdictional prior conviction. Tamez v. State, 11 S.W.3d
198, 202 (Tex. Crim. App. 2000).
      Young did object to those facts being included in the court’s charge on the basis that it called
undue attention to her prior conviction. The prior conviction is a jurisdictional element of the
State’s case. Robles v. State, 85 S.W.3d 211, 213 (Tex. Crim. App. 2002). Consequently, the
jury was required to find that Young had been previously convicted as alleged in the information. 
The facts contained in the court’s charge merely identified what conviction was alleged in the
information so that the jury could make the necessary determination. We do not agree with
Young’s argument that the trial court erred by including in its charge the facts concerning the prior
conviction that were alleged in the information.
      In urging that these facts should not have been included in the court's charge, Young relies
on Judge Womack's concurring opinion in Robles. In Robles, the court held that the trial court
erred in allowing the state to enter into evidence judgments of prior convictions alleged for
jurisdictional purposes, where the defendant had stipulated to those convictions. Id. at 214. The
court held that the danger of unfair prejudice from introduction of the evidence substantially
outweighed its probative value. Id. It said that evidence of the prior conviction’s existence is not
necessary where the defendant has stipulated to its existence. Id. at 213-14. In reaching that
conclusion, the court noted that the judgments would have reflected that the defendant was being
charged with his fifth alcohol-related offense. Id. at 213. In a concurring opinion, Judge Womack
stated that information alleged in the charging instrument, such as the date of prior conviction,
court in which the conviction was entered and the docket number of the case are not elements of
the offense but are alleged only to give notice to the defendant. Id. at 214.
      We find Robles to be distinguishable. In Robles, the State introduced not only the identifying
facts alleged in the indictment, but introduced the judgments of convictions that showed the
defendant had been convicted four previous times of alcohol-related offenses. In the case at bar,
the State only introduced the identifying facts alleged in the information, which showed no
additional conviction other than that to which Young had stipulated before the jury.
      Even if the trial court erred by allowing the full reading of the information or by including
in its charge the facts concerning the prior conviction that are included in the information, in view
of the fact that the jury was informed by the stipulation that Young had previously been convicted
of driving while intoxicated, we hold that allowing the innocuous details included in the
information to be read to the jury and included in the court’s charge did not affect Young’s
substantial rights. Tex. R. App. P. 44.2(b). We overrule issue three.
      The judgment is affirmed.


                                                                   JOHN G. HILL
                                                                   Senior Justice

Before Justice Vance,
      Justice Gray, and
      Senior Justice Hill (Sitting by Assignment)
Affirmed
Opinion delivered and filed August 27, 2003
Do not publish
[CR25]