OPINION HEADING PER CUR 



 
 NO. 12-03-00067-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




THE STATE OF TEXAS,
§
 APPEAL FROM THE 173RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


SHEILA ALPHIN SANDERS,

APPELLEE
§
 HENDERSON COUNTY, TEXAS






MEMORANDUM OPINION


 Sheila Alphin Sanders ("Sanders") was indicted for the offense of felony driving while
intoxicated ("DWI"). At trial, the State of Texas (the "State") was not allowed to read to the jury
the portion of the indictment alleging two prior jurisdictional DWI convictions, and was not allowed
to introduce evidence in its case-in-chief that Sanders had stipulated to the two prior DWI
convictions. Following a mistrial, the State appealed. In three issues, the State contends that the trial
court's rulings were error. We reverse for further proceedings consistent with this opinion.


Background


 Driving while intoxicated is a third degree felony if the accused has two prior DWI
convictions. Tex. Pen. Code Ann. § 49.09(b)(2) (Vernon 2003). The indictment alleged that
Sanders had been convicted of DWI twice in 1993 in Henderson County. Before the trial began,
Sanders filed a written stipulation of evidence attesting to her two prior DWI convictions. 

 Before the State read its indictment to the jury, the trial court ruled that the State could not
mention the two prior DWI convictions while reading the indictment. Later in the trial, the State
sought to introduce into evidence a copy of Sanders's stipulation. The trial court sustained Sanders's 
objection to the offer of evidence. The trial court based its rulings on Robles v. State, 85 S.W.3d
211 (Tex. Crim. App. 2002). When the jury was unable to reach a verdict after hearing the evidence
and arguments of counsel, the trial court declared a mistrial. The State timely filed this appeal,
contending that the trial court had dismissed a portion of its indictment. 


Jurisdiction


 Because there has been no final disposition of this case in the trial court, we must first
determine whether we have jurisdiction to consider this appeal. Article 44.01(a)(1) of the Texas
Code of Criminal Procedure permits the State "to appeal an order of a court in a criminal case if the
order dismisses an indictment, information, or complaint or any portion of an indictment,
information, or complaint." Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (Vernon Supp. 2004). 
We have previously determined that when the trial court does not allow the State to read an entire
felony DWI indictment to the jury, the trial court has effectively dismissed a portion of the
indictment. State v. McGuffey, 69 S.W.3d 654, 656 (Tex. App.-Tyler 2002, no pet.); see also State
v. Mewbourn, 993 S.W.2d 771, 773 (Tex. App.-Tyler 1999, no pet.). In a felony DWI trial in
district court, the State is allowed to read the full indictment to the jury, including the two prior DWI
convictions, in order to establish the court's jurisdiction. See Tamez v. State, 11 S.W.3d 198, 201-02
(Tex. Crim. App. 2000). Because the trial court ordered the State not to mention the two prior DWI
convictions during its reading of the indictment to the jury, effectively dismissing that portion of the
indictment, the trial court's order became appealable by the State pursuant to Article 44.01(a)(1). 
We hold that we have jurisdiction to consider this appeal. 


Reading Indictment to Jury


 In its first issue, the State contends that the trial court erred by refusing to allow the State's
attorney to read to the jury that portion of the indictment alleging Sanders's two prior DWI
convictions. We agree. The State is allowed to mention prior DWI convictions when reading an
indictment to the jury at the beginning of a felony trial. See Tamez, 11 S.W.3d at 202. Here, it was
improper for the trial court not to allow the State to read the portion of the indictment alleging
Sanders's two prior DWI convictions. The State's first issue is sustained. 




Stipulation as Evidence


 In its second issue, the State contends that the trial court erred in not admitting Sanders's
stipulation of her prior DWI convictions into evidence during its case-in-chief. In Texas, the
stipulation itself is allowed into evidence to make the jury aware of the two previous DWI
convictions. See Hollen v. State, 117 S.W.3d 798, 801-02. This satisfies "evidentiary requirements
regarding stipulations while avoiding the unfair prejudice that would accompany further mention of
the convictions." Id. at 802 (quoting Hernandez v. State, 109 S.W.3d 491, 495 (Tex. Crim. App.
2003)). The introduction of the stipulation into evidence is necessary because the two prior
convictions are elements of the offense that must be proven to the fact finder - in this case, the jury
- to establish felony DWI. Hollen, 117 S.W. 3d at 802. Robles is distinguishable from this case
because it held that the underlying evidence of two prior convictions was inadmissible. Robles, 85
S.W.3d at 213. The State's second issue is sustained. 


Conclusion


 Having sustained the State's first and second issues, we remand this matter to the trial court
for further proceedings consistent with this opinion. We need not address the State's third issue in
which it argues that the probative value of the two prior DWI convictions outweighs their prejudicial
effect. See Tex. R. App. P. 47.1.


 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered February 27, 2004.

Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.












(DO NOT PUBLISH)