**Affirmed and Memorandum Opinion filed January 11, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-16-00638-CR

**EUGENE FREDERICK KOMAR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Cause No. 15CR1918**

## M E M O R A N D U M   O P I N I O N

Appellant Eugene Frederick Komar appeals his felony conviction for third-offender driving while intoxicated. *See* Tex. Penal Code Ann. §§ 49.04(a), 49.09(b)(2) (Vernon Supp. 2017). Appellant asserts that the trial court erred by admitting evidence of his prior felony conviction during the guilt-innocence phase of trial. We affirm.

## BACKGROUND

Appellant was arrested in Galveston County on July 28, 2015, for driving while intoxicated.

Appellant was indicted for the felony offense of third-offender driving while intoxicated. The indictment listed as jurisdictional enhancements appellant's two prior convictions for operating a motor vehicle while intoxicated, which occurred in 1993 and 1995. The indictment listed appellant's 1998 conviction for the felony offense of third-offender driving while intoxicated as a punishment enhancement.

Appellant pleaded not guilty and proceeded to trial. Appellant did not stipulate to the jurisdictional enhancements listed in the indictment and the burden was on the State to prove these enhancements in its case-in-chief. *See Tamez v. State*, 11 S.W.3d 198, 201-02 (Tex. Crim. App. 2000).

The State's first witness at trial was Deputy William Kilburn, a fingerprint examiner with the Galveston County Sheriff's Office. Deputy Kilburn testified that he took fingerprints from appellant the morning of trial and compared them to the fingerprints on the 1993 and 1995 judgments. Deputy Kilburn testified that appellant's fingerprints matched the fingerprints on the judgments.

Counsel for appellant cross-examined Deputy Kilburn about the quality of the fingerprints on the 1993 and 1995 judgments. Deputy Kilburn testified that both judgments included a notation stating, "Recorder's Memorandum: This instrument is of poor quality and not satisfactory for photographic recordation; and/or alterations were present at the time of filing." Deputy Kilburn acknowledged that the certified copies of the judgments admitted as exhibits were made twenty years after the judgments were recorded.

Counsel for appellant also elicited testimony from Deputy Kilburn discussing

2

the methods he employed for his fingerprint analysis. Deputy Kilburn acknowledged that his analysis "omitted" the verification step because "[n]obody checked [his] work." Deputy Kilburn testified that he did not have any personal knowledge regarding the 1993 and 1995 convictions; was not present at the entries of judgment; and did not take the fingerprints on the judgments. Deputy Kilburn acknowledged that his fingerprint analysis "can be" subjective.

The State approached the bench during its redirect examination of Deputy Kilburn and asked the trial court to admit into evidence the indictment and judgment associated with appellant's 1998 felony conviction of third-offender driving while intoxicated. The State asserted that this evidence, which showed that appellant pleaded guilty in connection with the 1993 and 1995 convictions at issue, was necessary to prove the State's case. The State argued that appellant "opened the door" to this evidence by attacking Deputy Kilburn's "credibility, experience, training, and opinion." Appellant's counsel objected.

Overruling appellant's objection, the trial court stated:

Well, at this stage of the trial, in light of the evidence that's been presented by the State . . . and the vigorous cross-examination dealing both with the age and the quality of the [1993 and 1995] judgments, I think that has raised a question that the State is entitled to answer regarding the identity of [appellant] related to those judgments.

On redirect examination, Deputy Kilburn testified that the 1998 judgment was of better quality and that the fingerprint on the judgment was of "very high clarity." Deputy Kilburn testified that the fingerprint on the 1998 judgment matched appellant's prints taken that morning. Deputy Kilburn also testified that the 1998 indictment listed as prior offenses the 1993 and 1995 convictions at issue.

The jury found appellant guilty of third-offender driving while intoxicated. The jury sentenced appellant to four years in prison and a $2,000 fine.

3

In a single issue, appellant contends that the trial court erred when it permitted the State to introduce evidence of his 1998 felony conviction during the guilt-innocence phase of trial.

An offense of driving while intoxicated is elevated to a third-degree felony if the defendant has two prior driving while intoxicated convictions. Tex. Penal Code Ann. §§ 49.04(a), 49.09(b)(2). A defendant may stipulate to the relevant prior convictions; this stipulation forecloses the State from introducing evidence of those convictions. *Tamez*, 11 S.W.3d at 202-03.

In the absence of a stipulation, the burden is on the State to prove the defendant's prior convictions in its case-in-chief. *Id.* at 201-02. The State may introduce evidence of the prior convictions to satisfy this burden. *Robles v. State*, 85 S.W.3d 211, 212 (Tex. Crim. App. 2002).

Texas Rule of Evidence 404(b) prohibits evidence of an extraneous offense "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Tex. R. Evid. 404(b)(1). Extraneous offense evidence may be admissible for another purpose, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* at (b)(2). A trial court's ruling on the admissibility of extraneous offense evidence is reviewed under an abuse of discretion standard. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009).

Identity must be raised as an issue in the case for an extraneous offense to be admissible to show identity. *Lane v. State*, 933 S.W.2d 504, 519 (Tex. Crim. App. 1996). A defendant may raise the issue of identity during cross-examination of the State's witnesses. *Id.*; *see also Page v. State*, 137 S.W.3d 75, 78 (Tex. Crim. App.

2004) ("Identity can be raised by defense cross-examination, such as when the identifying witness is impeached on a material detail of the identification."); *Burton v. State*, 230 S.W.3d 846, 849-50 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (holding that the defendant raised identity as an issue by questioning the certainty of the witness's identification).

Here, appellant did not stipulate to the State's jurisdictional enhancement convictions, and the burden was on the State to prove these convictions in its case-in-chief. *See Tamez*, 11 S.W.3d at 201-02. To satisfy this burden, the State elicited testimony from Deputy Kilburn linking the fingerprints on the 1993 and 1995 judgments with the fingerprints he took from appellant. Deputy Kilburn testified that appellant's fingerprints matched those on the 1993 and 1995 judgments.

While cross-examining Deputy Kilburn, counsel for appellant asked questions that attempted to cast doubt on the accuracy of Deputy Kilburn's fingerprint analysis:

> Q. Now, wouldn't it be fair for me to say — or correct me if I'm wrong — that in this particular case, you omitted the final step, verification?
>
> A. Correct. There is no verification.
>
> Q. Nobody has checked your work?
>
> A. Correct.
>
> Q. And would you agree with me, based on your training and experience, that fingerprint analysis is subjective?
>
> A. It can be, yes, sir.
>
> Q. In other words, it's your opinion that those are the same prints?
>
> A. It's our opinion as an expert witness, yes, sir, based on our training and experience.
>
>            \*      \*      \*
>
> Q. So you're really — correct me if I'm wrong — you're really just

here today to state your opinion that the print you took this morning from [appellant], in your opinion, is the same as the [1993 and 1995 judgments'] prints — that little portion of the paper where the print is. Right?

A.  Correct.

Q.  In other words, you're not here to offer any evidence that [appellant] committed those crimes. Right?

A.  No, sir.

Counsel for appellant also asked Deputy Kilburn to read the notation included on the 1993 and 1995 judgments, which stated, "Recorder's Memorandum: This instrument is of poor quality and not satisfactory for photographic recordation; and/or alterations were present at the time of filing." Responding to defense counsel's questions, Deputy Kilburn acknowledged that the original fingerprints were over two decades old and that he was not present when the fingerprints were recorded.

Defense counsel's questioning of Deputy Kilburn attacked the accuracy of Deputy Kilburn's identification and raised identity as an issue in the case. *See Page*, 137 S.W.3d at 78; *Lane*, 933 S.W.2d at 519. The trial court did not abuse its discretion by admitting evidence of appellant's 1998 felony conviction to prove identity as it related to the jurisdictional enhancement convictions. *See* Tex. R. Evid. 404(b).

Appellant asserts that the trial court should have excluded evidence of his 1998 felony conviction under Texas Rule of Evidence 403. *See* Tex. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence."). When reviewing a trial court's Rule 403 determination, we "reverse the trial court's judgment rarely and only after a clear abuse of discretion." *Mozon*

6

*v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999).

Because appellant did not stipulate to the jurisdictional enhancement convictions, the State bore the burden to prove these convictions during its case-in-chief. *See Tamez*, 11 S.W.3d at 201-02. To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists; and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 923 (Tex. Crim. App. 2007).

The State relied on Deputy Kilburn's testimony to link appellant to the 1993 and 1995 convictions. Counsel for appellant vigorously cross-examined Deputy Kilburn and challenged his identification of appellant as the person who provided the fingerprints on the 1993 and 1995 judgments. The State, in turn, utilized evidence of appellant's 1998 felony conviction to provide additional support to Deputy Kilburn's fingerprint analysis and conclusion. The probative value of this evidence is not substantially outweighed by the risks identified in Rule 403. The trial court did not abuse its discretion by admitting evidence of appellant's 1998 felony conviction.

Appellant asserts that, because his indictment listed the 1998 felony conviction as a punishment enhancement, the State could not present evidence of the conviction during its case-in-chief. *See* Tex. Code Crim. Proc. Ann. art. 36.01(a) (Vernon 2007) ("When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment . . . .").

The cases appellant cites to support this argument are distinguishable because, unlike appellant, the defendants in the cited cases stipulated to the jurisdictional enhancement convictions. *See Hernandez v. State*, 109 S.W.3d 491, 492 (Tex. Crim. App. 2003) (per curiam); *Tamez*, 11 S.W.3d at 199; *Hernandez v. State*, 18 S.W.3d

699, 700 (Tex. App.—San Antonio 2000, no pet.).  Here, appellant did not stipulate to the jurisdictional enhancement convictions and the burden was on the State to prove the convictions beyond a reasonable doubt.  After appellant challenged the State's evidence on this point, the trial court acted within its discretion by permitting the State to use evidence of appellant's 1998 felony conviction to prove the jurisdictional enhancements.

## CONCLUSION

Having overruled appellant's sole issue on appeal, we affirm the trial court's judgment.


/s/     William J. Boyce
        Justice


Panel consists of Justices Boyce, Donovan, and Jewell.
Do Not Publish — TEX. R. APP. P. 47.2(b).