

# In the Court of Criminal Appeals of Texas

No. PD-0310-20

MICKEY RAY PERKINS,
*Appellant*,

v.

THE STATE OF TEXAS

On Appellant's Petition for Discretionary Review
From the Eleventh Court of Appeals
Brown County

YEARY, J., filed a concurring opinion in which SLAUGHTER, J., joined.

Today, in answering the only ground for review we agreed to consider in this case, the Court decides that: (1) the court of appeals did

not err to say that the State was not required to accept Appellant's offer to stipulate to evidence of extraneous misconduct, Majority Opinion at 11–14,[1] and (2) the court of appeals should have conducted a more comprehensive Rule 403 analysis to determine whether the extraneous offense evidence was substantially more prejudicial than probative. *Id.* at 14–17; TEX. R. EVID. 403. I agree with both of these conclusions, and I therefore join the Court's opinion. I write further only to address why I believe Appellant's offer to stipulate to the fact of a prior conviction was properly rejected.

As I understand Appellant's argument, unless the State agrees with a defendant's offer to submit evidence of extraneous misconduct only in the form of a stipulation to the fact of a conviction, so as to avoid presenting the *details* of such misconduct to the jury, extraneous misconduct will essentially prove to be more prejudicial than probative under Rule 403—practically as a matter of law.[2] The court of appeals rightly (if only implicitly) rejected this argument, and this Court agrees.

---

[1] Indeed, Appellant concedes in his brief on the merits on discretionary review that "[t]he Court of Appeals correctly noted that[,] in general, the State may adduce its testimony as it sees fit, and [it] need not accept a stipulation." Appellant's Brief at 19.

[2] Although it is already set out verbatim in the Court's opinion, Majority Opinion at 9, I will repeat Appellant's second ground for review here for convenience's sake:

> The Court of Appeals erred in holding the trial court acted within its discretion in allowing the State to introduce extensive details about an extraneous offense during the guilt-innocence phase when [Appellant] was willing to stipulate to it.

Appellant's Petition for Discretionary Review at 3.

But I would prefer that the Court more explicitly say, at least in a case like this one, that it is sometimes the *details* of extraneous offenses themselves, not the mere fact of conviction for misconduct, that makes misconduct evidence relevant and supports the determination that it is indeed more probative than prejudicial, for purposes of Rule 403.

There is no doubt that there may be some contexts in which an offer to stipulate can cause a court to determine that the introduction of the specific details of an extraneous offense is substantially more prejudicial than probative under Rule 403. Even the United States Supreme Court has made that determination in a case where the mere fact of the prior conviction was more important than the details. In *Old Chief v. United States*, 519 U.S. 172 (1997), the United States Supreme Court examined whether a defense offer to stipulate to the mere fact of a prior conviction would render admission of the Government's evidence of the specifics of the prior offense objectionable under Federal Rule of Evidence 403.

The Court observed in *Old Chief* that, in situations in which "the fact of [a] qualifying conviction is *alone* what matters under [a] statute[,]" stipulation of the mere fact of the prior conviction is enough— by itself—to establish the applicable element of the Government's case. *Id.* at 190. In such circumstances, the Court explained, a trial court's ruling to admit evidence of the specifics underlying a prior conviction, over a defense offer to stipulate to the bare fact of the prior conviction, could amount to an abuse of discretion. *Id.* at 191–92; *see also id.* at 190 ("[R]ecognition that the prosecution with its burden of persuasion needs evidentiary depth to tell a continuous story has . . . virtually no

application when the point at issue is a defendant's legal status, dependent on some judgment rendered wholly independently of the concrete events of later criminal behavior charged against him.").

However, this is not true in situations in which the details themselves are what make the evidence relevant.[3] Appellant's argument at trial, made evident prior to Rogers's (the victim in the extraneous offense case) testimony, by Appellant's own counsel's cross-examination of Hyles (the victim in this case), was that she (Hyles) was responsible for her own injury, and that he (Appellant) was not responsible for causing it. The State needed to be able to respond to this defensive theory by offering evidence to the jury suggesting that Hyles did not, in fact, cause her own injury.

To do that, the State sought to prove that a similar incident involving Appellant had occurred in the past, and that, therefore, Hyles's injury was demonstrably less likely to have been self-caused. To prove this, the evidence of the details of Appellant's prior assault against Rogers was relevant and strongly probative; it tended to show that this second incident, involving injury to Hyles, was not a self-inflicted

---

[3] *See Old Chief*, 519 U.S. at 189 ("[T]he accepted rule that the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away rests on good sense. A syllogism is not a story, and a naked proposition in a courtroom may be no match for the robust evidence that would be used to prove it. People who hear a story interrupted by gaps of abstraction may be puzzled at the missing chapters, and jurors asked to rest a momentous decision on the story's truth can feel put upon at being asked to take responsibility knowing that more could be said than they have heard. A convincing tale can be told with economy, but when economy becomes a break in the natural sequence of narrative evidence, an assurance that the missing link is really there is never more than second best.").

injury—any more than Rogers's injuries were self-caused in the extraneous case. This highly probative information would not have been self-evident from merely stipulated evidence of the fact of Appellant's prior conviction alone. And to the extent that this relevant evidence may have caused Appellant some prejudice, it was very unlikely to be the kind of "unfair prejudice" contemplated by Rule 403.[4]

Appellant points out that, in *Robles v. State*, this Court held that the trial court erred in denying a defendant's motion to suppress evidence of prior convictions when the defendant offered to stipulate to them. *Robles v. State*, 85 S.W.3d 211 (Tex. Crim. App. 2002). As the court of appeals concluded, however, Appellant's case is distinguishable from *Robles*. *Perkins v. State*, No. 11-18-00037-CR, 2020 WL 976941, at *2 n.2 (Tex. App.—Eastland) (mem. op., not designated for publication). In *Robles*, the Court concluded that, "[w]hen the accused offers to stipulate that the *jurisdictional* convictions exist, the probative value of evidence of the same convictions is substantially outweighed by the danger of unfair prejudice." *Robles*, 85 S.W.3d at 213 (emphasis added).

Just as in *Old Chief*, it was the simple fact of the prior convictions that was relevant to prove the offense on trial in *Robles*, rather than the details of the offenses underlying the convictions themselves. *Id.* And because the details of the prior convictions were not relevant to a

---

[4] "'Unfair prejudice' does not, of course, mean that the evidence injures the opponent's case—the central point of offering evidence. Rather it refers to 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Cohn v. State*, 849 S.W.2d 817, 820 (Tex. Crim. App. 1993) (citing Steven Goode, et al., TEXAS PRACTICE: TEXAS RULES OF EVIDENCE: CRIMINAL AND CIVIL § 403.2, at 93 (1988)).

contested issue in the guilt-innocence phase, the risk of *unfair* prejudice was comparatively great. *Id.* at 212–13.[5]

In contrast, here, the details of the extraneous misconduct were relevant to a contested issue during the guilt-innocence phase of Appellant's trial—specifically, whether the injury to Hyles was caused by her own actions, or whether Appellant was indeed guilty of the charged offense. The fact that a similar situation occurred previously indicated that it is less likely that Hyles was responsible for causing her own injury in this case. The *specifics* of the evidence were relevant and probative to aid the jury in deciding the contested issue, which was introduced into the guilt phase of the trial by Appellant, by the suggestion that Hyles's injuries were self-caused. The trial court did not abuse its discretion to conclude that, simply because the State's evidence detailed the specifics of the extraneous misconduct, it was *necessarily* inadmissible because substantially more prejudicial than probative under Rule 403.

The State's refusal to agree to Appellant's offer to stipulate only to the fact of a prior conviction is not, of course, wholly determinative of the Rule 403 analysis, and because Appellant also complains, albeit

---

[5] "Each judgment [in *Robles*] contained a notation that it was a DWI-third offense. Also, the judgments contained the sentences that were imposed in each case. Therefore, a jury could have gleaned, during the guilt-innocence phase, that the DWI charged [t]here was the appellant's fifth alcohol-related offense and that the appellant had not served his full term for his last prior conviction. That kind of evidence is prejudicial and possesses no probative value." *Robles*, 85 S.W.3d at 213.

almost in passing,[6] that the court of appeals failed to conduct a full-blown Rule 403 analysis, by explicitly taking into account all of the non-exclusive factors the Court today identifies in its opinion, Majority Opinion at 15–17, I agree that the cause should be remanded to the court of appeals for further consideration.

**FILED:**                                        September 7, 2022
**PUBLISH**

---

[6] Appellant observed that "[t]he [c]ourt of appeals acknowledged the four-part test under Rule 403 . . . yet utterly failed to conduct any analysis as to how the facts of this case fit into the test." Petition for Discretionary Review at 19; Appellant's Brief at 19. Nowhere does he explicitly argue that this Court should return the case to the court of appeals to address this deficiency in the first instance. He argues only that we should remand the cause for the court of appeals to conduct a harm analysis. Appellant's Brief at 23. But I agree that a remand is the more appropriate course to take than for this Court to conduct the proper Rule 403 analysis for the first time. *See*, e.g., *Davison v. State*, 405 S.W.3d 682, 691 (Tex. Crim. App. 2013) (this Court will "ordinarily" remand to the court of appeals to resolve issues not yet addressed, rather than address them in the first instance, "since in our capacity as a discretionary review court, we review 'decisions' of the courts of appeals").