**Michael Lee SCHAFFER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–86–035–CR.**

Court of Appeals of Texas, Corpus Christi.

Dec. 11, 1986.

Joseph A. Connors, III, Flavio Escobar, Jr., McAllen, for appellant.

Rene Guerra, Dist. Attorney's Office, Edinburg, for appellee.

Before NYE, C.J., and KENNEDY and UTTER, JJ.

## OPINION

KENNEDY, Justice.

The jury convicted appellant for the offense of possessing a controlled substance, peyote, and the trial court assessed punishment at ten years' imprisonment. Appellant brings seven points of error. We reverse the judgment of the trial court.

Appellant, by his first and second points of error, complains of the prosecutor's jury argument. Appellant contends that the prosecutor impermissibly commented on appellant's post-arrest, post-Miranda silence. Appellant admitted to possession of peyote, but claimed to be working for the Abilene police department as an informant. During jury argument, the prosecutor stated, "And yes, I am asking you to consider that this story about the Defendant being an informer didn't come up until this trial."

Generally, post-arrest silence may not be used for impeachment because it would violate the defendant's right to be free from compelled self-incrimination. *Sanchez v. State*, 707 S.W.2d 575, 582 (Tex. Crim.App.1986). However, in the instant case, appellant injected his post-arrest silence into the proceedings. Appellant testified that he did not attempt to call Officer Seals, of the Abilene Police Department, before his arrest because he feared that his companions would kill him. Appellant further testified that he did not inform the McAllen Police Department, the arresting department for this instant case, that he was working for Officer Seals because the McAllen Police were "calling [him] names." The prosecutor cross-examined appellant, without objection, about his failure to inform the arresting officers that he was working for the Abilene Police Department. "[I]t is incumbent on defendant's

counsel to voice a timely and specific objection to a question which allegedly infringed on defendant's right to remain silent and not to gamble on a witness' answer." *Cisneros v. State*, 692 S.W.2d 78, 83 (Tex. Crim.App.1985).

"It is also a general rule of evidence that the prior silence of a witness as to a fact to which he has testified, where such silence occurred under circumstances in which he would be expected to speak out, may be used to impeach the witness during cross-examination." *Id.* at 83; *see Sanchez*, 707 S.W.2d at 581. If appellant worked for the Abilene Police Department, his arrest by the McAllen Police Department surely constitutes "circumstances in which he would be expected to speak out." Appellant's first and second points of error are without merit.

Appellant, in his fourth point of error, complains that the trial court erred in overruling his objection to the prosecutor's final jury argument. The trial court charged the jury that the appellant's conduct cannot constitute the criminal offense of intentional or knowing possession of a controlled substance if he was, or reasonably believed himself to be, working as an informer for a law enforcement officer. The prosecutor, in final jury argument, stated, "The elements of the offense, ladies and gentlemen. The only thing that we must prove. We do not have to disprove this informant instruction." Appellant's alleged informant status does not constitute an affirmative defense or even a general defense. *See Sanders v. State*, 707 S.W.2d 78, 80–81 (Tex.Crim.App.1986); Tex.Penal Code Ann. §§ 8.01–8.07, 9.02 (Vernon 1974 & Supp.1986). The prosecutor was correct in stating that the State need not disprove the informant instruction.[1] We overrule appellant's fourth point of error.

Appellant, by his fifth and sixth points of error, again complains that the trial court erred· in overruling his objections to the prosecutor's jury argument. The prosecutor's argument involved appellant's failure to produce Officer Seals in support of appellant's allegation that he was an informant. Both of these points of error presuppose that the State must disprove appellant's informant status. We have already held that the State need not disprove the informant instruction and, therefore, appellant's fifth and sixth points of error are without merit.

Appellant, by his seventh point of error, complains that the trial court erred in denying his motion for mistrial. The prosecutor, in final jury argument, stated, "They were down here to set up a business of misery, and pain, and suffering, ladies and gentlemen, because that's what illegal drugs do to a community. That's what they bring upon a community, ladies and gentlemen. An illegal lab producing all these drugs to be . . . ." At this point, counsel for appellant objected to the "plural form of the drugs." The trial court sustained the objection, instructed the jury to disregard the statement, and denied appellant's motion for mistrial.

"Generally, any harm from an improper statement in a jury argument is remedied when the court instructs the jury to disregard unless the remark is so inflammatory that the prejudicial effect cannot be removed by an admonishment." *Johnson v. State*, 698 S.W.2d 154, 167 (Tex.Crim.App.1985). The prosecutor's "plural form" of the word "drug" was not so inflammatory that the prejudicial effect could not be removed by the admonishment. We overrule appellant's seventh point of error.

Appellant, in his third point of error, complains that the trial court erred in allowing hearsay testimony. On rebut-

---

1. The instruction is in the nature of a defensive theory and does not state that the jury *must* find appellant was not an informant *before* they can return a verdict of guilty. Rather, much like an affirmative defense, the instruction states that *if* the appellant was working as an informant,

then the jury will return a verdict of not guilty. *See Ortega v. State*, 668 S.W.2d 701, 705 n. 10 (Tex.Crim.App.1983); *see also Boozer v. State*, No. 402–82 (Tex.Crim.App., Sept. 24, 1986) (not yet reported).

tal, Officer Segovia of the McAllen Police Department testified that he contacted Officer Seals. Appellant complains of the following question and answer:

Q: Without telling us what he told you, Officer Segovia, would you, at this time, ask the State to drop the charges against Mr. Schaffer?

A: No, Sir.

While this form of question and answer does not produce hearsay in the classic or textbook sense, it is nevertheless designed to circumvent the hearsay rule and present the jury with information from unsworn, out-of-court sources. It should be called "backdoor" hearsay and should be subject to the same rules and limitations as the more common form. Officer Seals was the person who could have confirmed appellant's contention that appellant was an informant. Likewise, the above question and answer implicitly rebut appellant's contention. By admitting this "backdoor" hearsay, the trial court permitted the State to contradict appellant's only defensive theory. Moreover, in light of the trial court's instruction to the jury to find appellant not guilty if they believed his informant theory, this hearsay evidence was the most direct evidence contradicting his defensive theory. Thus, there is a reasonable possibility that the improperly admitted hearsay evidence contributed to the conviction. *Maynard v. State*, 685 S.W.2d 60, 67 (Tex. Crim.App.1985). We sustain appellant's third point of error.

Because of the harmful hearsay evidence, the judgment of the trial court is reversed and the cause is remanded for a new trial.