NUMBER 13-06-290-CR

 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


EX PARTE: DAVID R. THOMPSON

 
 

On appeal from the 319th District Court of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Justice Benavides


 Appellant, David R. Thompson, was convicted of driving while intoxicated (DWI) in
November of 2001 and sentenced to ten years' imprisonment, probated for ten years. TEX.
PENAL CODE ANN. § 49.09(b) (Vernon 2005). Thompson filed a post-conviction petition for
writ of habeas corpus in February 2006 in Nueces County District Court, which the trial court
denied. TEX. CODE CRIM. PROC. ANN. art. 11.072 § 8 (Vernon 2005). Thompson now
appeals. Id. Thompson claims ineffective assistance of counsel, asserting that counsel
failed to (1) object to the prosecution's comments on Thompson's post-arrest silence, (2)
properly present a motion for new trial, and (3) object to the introduction of two exhibits
concerning his prior convictions and to other extraneous matters contained within those
exhibits. For the reasons stated herein, we affirm the judgment of the trial court. 

I. FACTUAL AND PROCEDURAL BACKGROUND

 On April 19, 2001, Thompson was indicted for felony DWI, based on a February 5,
2001 offense, enhanced by two prior convictions for DWI on November 19, 1993, and
January 8, 1997, respectively. See TEX. PENAL CODE ANN. § 49.09(b). Thompson offered
to stipulate to both of the prior convictions to relieve the State of its burden of proving them
during the guilt/innocent phase of the trial for purposes of enhancement from a
misdemeanor to a felony. The stipulations were read to the jury in the indictment and then
again in the jury charge.

 During the trial, Thompson and Deputy Constable David Hatch offered slightly
different accounts of the February 5, 2001 incident. Deputy Hatch testified that on February
5, 2001, at about 1:00 A.M., he pulled Thompson over for speeding in Corpus Christi,
Texas. Deputy Hatch noticed that Thompson had slurred speech and detected a strong
odor of alcohol on Thompson's breath. He asked Thompson to perform various field-
sobriety tests, which Thompson failed. Two other officers at the scene believed Thompson
was intoxicated at the time. According to Deputy Hatch, Thompson also refused to answer
questions. Officer Hatch arrested Thompson and transported him to the Port Aransas Law
Enforcement Center.

 Thompson, however, claimed that he was not intoxicated at the time and that he
wanted an opportunity to exonerate himself by demonstrating his sobriety on videotape. 
Thompson claimed that he was extremely nervous that night because he had twice
previously been convicted of DWI and was afraid he was now "in trouble." He further
testified that he asked the Deputy why he was being transported to the Port Aransas facility,
rather than to the Corpus Christi facility, where he knew video interrogation equipment
would be present. Thompson testified that the Deputy did not respond to him.

 At the conclusion of the State's case-in-chief, the State offered into evidence, without
objection, Thompson's two previous convictions for DWI. These exhibits referenced other
extraneous offenses, including a conviction for driving with a suspended license, a
revocation of community supervision from one of the DWI's, and a prior DWI from Harris
County. 

 Thompson was found guilty. He filed a motion for new trial, but the motion was
overruled by operation of law. Thompson then appealed to this Court. Thompson v. State,
No. 13-01-798-CR, 2004 Tex. App. LEXIS 6860, at *8-9 (Tex. App.-Corpus Christi July 29,
2004, pet. ref'd) (mem. op.) (not designated for publication). Thompson argued that the trial
court deprived him of his due process rights by allowing Hatch to testify that Thompson
refused to answer questions, which Thompson asserted was a comment on the exercise
of his privilege against self-incrimination. See Id. at *2-3. We rejected Thompson's
argument, holding that the error had been waived because Thompson's attorney (1) failed
to timely object the first time the State introduced the testimony, and (2) failed to request
a limiting instruction when the testimony was admitted a second time. See Id. at *8-9. 
Thompson also argued that the State presented perjured testimony. Id. at *10. We likewise
rejected this claim, holding that Thompson failed to present any evidence in a motion for
new trial that demonstrated that Deputy Hatch perjured himself. Id. 


 On February 20, 2006, Thompson filed an application for writ of habeas corpus
alleging ineffective assistance of counsel. Tex. Code Crim. Proc. Ann. art. 11.072. 
Thompson alleged that his trial counsel (1) failed to object to Deputy Hatch's comments
about his post-arrest silence, (2) failed to properly present a motion for new trial, and (3)
failed to object to the admission of the prior DWI convictions into evidence and to the
additional extraneous offenses referenced in the judgments of conviction.

 Thompson swore to the truth of the facts in the application and filed as exhibits a
number of documents already in the record, but did not attach any additional affidavits to
support the application. The State answered and attached an affidavit from Thompson's
trial counsel stating that, contrary to Thompson's allegations, counsel did present a motion
for new trial after filing it. The State also attached an affidavit from the prosecutor in
Thompson's original case, who asserted that the two prior DWI exhibits were never shown
to the jury and that the jury never requested to see them. 

 On April 10, 2006, the trial court signed a memorandum recommending that the court
of criminal appeals deny the application. See TEX. CODE CRIM. PROC. ANN. art. 11.07. On
May 10, 2006, the trial court signed a formal order denying relief on the application. 
Thompson filed his appeal on May 31, 2006. 

II. Jurisdiction

 Before we address the merits, we must address whether our jurisdiction was properly
invoked by a timely notice of appeal. A defendant has the right to appeal from the denial
of his application for writ of habeas corpus. TEX. CODE CRIM. PROC. ANN. art. 11.072 § 8. 
The notice of appeal must be filed within thirty days after the day the trial court enters an
appealable order. TEX. R. APP. P. 26.2(a)(1).

 In the instant case, the trial court issued a memorandum on April 10, 2006 denying
an evidentiary hearing and recommending a denial of habeas relief. Then, on May 10,
2006, the trial court entered an "Order on Application for Writ of Habeas Corpus Pursuant
to Art. 11.072, Tex. Code Crim. Proc.," which denied relief. The denial was based on the
previously issued April 10th memorandum. Thompson filed his notice of appeal on May 31,
2006--more than thirty days after the April 10th memorandum but within 30 days after the
May 10th order. The State contends that the April 10th memorandum--not the May 10th
order--was the final appealable order, as required by rule 26.2 of the rules of appellate
procedure, and that Thompson was required to file his notice of appeal within thirty days
after April 10th. Id. Therefore, the State asserts, Thompson's notice of appeal filed on May
31 was not timely, and we lack jurisdiction. We disagree.

 The conflict in the instant case between the first and second order is not
unprecedented. Courts have dealt with virtually identical facts in both Ex parte Faulkner,
No. 09-05-0478-CR, 2007 Tex. App. LEXIS 9486 (Tex. App.-Beaumont April 4, 2007, pet.
ref'd) (mem. op.) (not designated for publication) and Ex Parte Nunes, No. PD-0974-05-CR,
2006 WL 1171163 (Tex. Crim. App. May 3, 2006) (not designated for publication). Neither
case is binding authority, and we do not cite them for precedential value. Tex. R. App. P.
77.3 (unpublished opinions have no precedential value and must not be cited as authority
by a court). We reference them, however, because the facts of both cases are similar to
the instant case, and thus, the reasoning employed is instructive. Tex. R. App. P. 47.7
(intermediate appellate court unpublished opinions have no precedential value but may be
cited with the notation "not designated for publication"). 

 In Faulkner, the appellant filed a post-conviction application for writ of habeas corpus
in the convicting trial court based on ineffective assistance of counsel. Faulkner, 2007 Tex.
App. LEXIS 9486, at *1. The trial court found the application frivolous, and on July 8, 2005,
it entered an order recommending that the court of criminal appeals dismiss the application. 
Id. at *5. Then, on October 7, 2005, the trial court entered a second order, explicitly denying
habeas relief and including findings of fact and conclusions of law. Id. The appellant filed
his notice of appeal within thirty days of the October 7th order--but more than thirty days
after the July 8th order. Id. at *5-6. The appellate court found that it had jurisdiction
because the second order was the "appealable order" which triggered the right of appeal
under rule 26.2 of the rules of appellate procedure, whereas the first order was merely a
recommendation that the court of criminal appeals deny habeas relief--not a final,
appealable order. Id. at *6.

 Similarly, in Nunes, a man who had been convicted of misdemeanor assault against
his then-wife and assigned to community supervision filed an application for a post-conviction writ of habeas corpus in the convicting court, alleging ineffective assistance of
counsel. Nunes, 2006 WL 1171163, at *1-2. The convicting court, "apparently following
the procedures set out in Article 11.07," signed an order on March 15, 2005 recommending
a denial of habeas relief and instructing the clerk of the court to send the signed order to
the court of criminal appeals. Id. at *2.; see TEX. CODE CRIM. PROC. ANN. art. 11.07. When
the appellant failed to file notice of appeal within thirty days of this order, the State argued
that the timeliness requirement of rule 26.2 of the rules of appellate procedure had been
violated, and therefore the appellate court lacked jurisdiction. Id. at *5. The court of
criminal appeals, however, disagreed with the State's interpretation of events, and viewed
the March 15th order as merely "recommending" a denial of habeas relief under article
11.07, not specifically denying (or granting) habeas relief as required under art. 11.072 such
that the right to an appeal was triggered. Id.

 In both Faulkner and Nunes, as in the instant case, the trial court apparently
mistakenly followed the procedure of article 11.07 of the code of criminal procedure, which
provides for post-conviction habeas relief to those who receive a felony judgment imposing
a penalty other than death, when it should have followed the procedure under article
11.072, which provides a different procedure for habeas proceedings in which the petitioner
received community supervision. Compare Tex. Code Crim. Proc. Ann. art. 11.07, § 3© 
(requiring the court clerk to transmit copy of habeas corpus application and record to the
Court of Criminal Appeals because that court grants or denies relief on an Article 11.07 non-death penalty felony habeas application), with Tex. Code Crim. Proc. Ann. art. 11.072, §
8 (holding that convicting court grants or denies relief on Article 11.072 community
supervision habeas corpus application with right of appeal to intermediate appellate court).

 In the instant case, the trial court signed a memorandum on April 10, 2006
recommending that the court of criminal appeals deny habeas relief to the applicant and
ordered the clerk to send the findings to the court of criminal appeals. Indeed, the specific
language of the April 10th memorandum issued by the trial court reads, "The Court
recommends that all requested relief in this application for writ of habeas corpus be denied.
. ." (emphasis added). This is the procedure required under article 11.07. Tex. Code Crim.
Proc. Ann. 11.07. The April 10th memorandum does not specifically deny or grant
Thompson's requested relief as required by article 11.072, section 6(a), which would trigger
Thompson's right to appeal under article 11.072, section 8. Tex. Code Crim. Proc. Ann.
art. 11.072. The explicit use of the word "recommend" and the subsequent issuing of
another order which unambiguously denied habeas relief, demonstrate that it was the intent
of the trial court that the first order be merely advisory pursuant to the guidelines of article
11.07--not that it be a final, appealable order.

 The April 10th memorandum, therefore, did not trigger the appellate timetable. The
final, appealable order was in fact the May 10th order, and this order triggered the appellate
timetable. Tex. Code Crim. Proc. Ann. 11.07. Thus, Thompson's notice of appeal on May
31 was timely filed, and this appeal is properly within our jurisdiction.

III. Habeas Corpus is the Appropriate Procedural Vehicle

 Additionally, the State asserts that Thompson's ineffective assistance of counsel
claim may not be pursued through a writ of habeas corpus. The State refers this Court to
a quote from Ex parte Townsend:

"The Great Writ should not be used in matters that should have been raised
on appeal." Even a constitutional claim is forfeited if the applicant had the
opportunity to raise the issue on appeal. This is because the writ of habeas
corpus is an extraordinary remedy that is available only when there is no
other adequate remedy at law.

137 S.W.3d 79, 81 (Tex. Crim. App. 2004) (citations omitted). The State contends that
Thompson's writ is barred by Ex parte Townsend. We disagree. 

 The court of criminal appeals has consistently limited the ability of inmates to bring
claims by habeas corpus that they could have raised on direct appeal. Ex parte Cruzata,
220 S.W.3d 518, 520 (Tex. Crim. App. 2007); see also Ex parte Nelson, 137 S.W.3d 666,
667 (Tex. Crim. App. 2004); Ex parte Townsend, 137 S.W.3d at 81. The courts in this
state, however, have simultaneously held that while inmates may not use habeas corpus
as a substitute for appeal, the preferred method to present ineffective assistance of counsel
claims is through an application for writ of habeas corpus. Ex parte Rich, 194 S.W.3d 508,
513 n.9 (Tex. Crim. App. 2006) (citing Robinson v. State, 16 S.W.3d 808, 810 (Tex. Crim.
App. 2000)); see also Ex parte Torres, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997).

 The State also argues that claims raised and rejected on direct appeal are generally
not cognizable on habeas corpus. While this is true, the rule only applies when the initial
claim was first rejected on direct appeal and is being brought up again through a writ of
habeas corpus. Ex parte Nailor, 149 S.W.3d 125, 131 (Tex. Crim. App. 2004). Thompson
did not allege ineffective assistance of counsel on his initial direct appeal. Thompson's writ
of habeas corpus, therefore, is the proper method to address his ineffective assistance of
counsel claim. 

IV. STANDARD OF REVIEW

 In reviewing a trial court's decision on a habeas corpus application, we review the
facts in the light most favorable to the trial court's ruling and, absent an abuse of discretion,
uphold the ruling. See Ex parte Peterson, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003),
overruled on other grounds by Ex parte Lewis, 219 S.W.3d 335 (Tex. Crim. App. 2007). We
give "almost total deference to a trial court's determination of the historical facts,"
particularly when the findings are based on an evaluation of credibility and demeanor. 
Peterson, 117 S.W.3d at 819 (citing Guzman v. State, 955 S.W.2d 85 (Tex. Crim App.
1997)). We afford the same deference to the trial court's application of the law to the facts,
if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. 
Id. If the resolution of the ultimate question turns on an application of legal standards, we
review the determination de novo. Id. 

V. ANALYSIS

 To prevail on a claim of ineffective assistance of counsel, Thompson must prove by
a preponderance of the evidence that: (1) counsel's performance fell below the standard
of prevailing professional norms; and (2) there is a reasonable probability that, but for
counsel's deficiency, the result of the trial would have been different. See Strickland v.
Washington, 466 U.S. 668, 687 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim.
App. 1999). A reasonable probability is one sufficient to undermine confidence in the
outcome of the proceeding. Thompson, 9 S.W.3d at 812. Allegations of ineffective
assistance of counsel must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness. Id. at 813.

 The defendant must overcome the presumption that the challenged action "might be
considered sound trial strategy." Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana,
350 U.S. 91, 100-101 (1955)). If there is any basis for concluding that counsel's conduct
was strategic, then further inquiry is improper. Bell v. State, 867 S.W.2d 958, 961 (Tex.
App.-Waco 1994, no pet.). The accused bears the burden of proving ineffective assistance
of counsel by a preponderance of the evidence. Cannon v. State, 668 SW.2d 401, 403
(Tex. Crim. App. 1984). The right to "reasonably effective assistance of counsel" does not
guarantee errorless counsel or counsel whose competency is judged by perfect hindsight. 
Saylor v. State, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983).

A. Post-Arrest Silence

 Thompson first alleges ineffective assistance of counsel on the grounds that counsel
failed to object to comments by the prosecution on Thompson's post-arrest silence. The
record appears to reflect, however, that introducing the issue of the post-arrest silence was
a major element of trial counsel's strategy, and thus the failure to object to the State's
questions on the matter cannot be considered "ineffective" counsel.

 Using a petitioner's silence at the time of arrest and after receiving Miranda warnings
for impeachment purposes violates the Due Process Clause of the Fourteenth Amendment. 
Sanchez v. State, 707 S.W.2d 575, 577 (Tex. Crim. App. 1986) (citing Doyle v. Ohio, 426
U.S. 610, 618 (1976)). This rule is premised upon "the fundamental unfairness of implicitly
assuring a suspect that his silence will not be used against him and then using his silence
to impeach an explanation subsequently offered at trial." Wainwright v. Greenfield, 474
U.S. 284, 291 (1986) (quoting South Dakota v. Neville, 459 U.S. 553, 565 (1983)).

 The defendant may, however, waive the right to object to the State's otherwise
improper questions about post-arrest silence by "inject[ing] his post-arrest silence into the
proceedings" as part of a trial strategy. Schaffer v. State, 721 S.W.2d 594, 595 (Tex.
App.-Corpus Christi 1986), aff'd, 777 S.W.2d 111 (Tex. Crim. App. 1989). This waiver
occurs because, generally, when a party introduces matters into evidence, he invites the
other side to reply to that evidence. Martin v. State, 151 S.W.3d 236, 238 (Tex.
App.-Texarkana 2004, pet. ref'd) (citing Wheeler v. State, 67 S.W.3d 879, 892 n. 13 (Tex.
Crim. App. 2002)). The waiver occurs whether the State introduces the similar evidence
before or after the opposing party introduces the evidence. Marshall v. State, 210 S.W.3d
618, 631 (Tex. Crim. App. 2006).

 In the instant case, Thompson's counsel introduced the question of post-arrest
silence, and thus it was not an error for him to fail to object to the State's comments on the
matter. At trial, the prosecution was the first side to introduce the issue when it asked
Deputy Hatch whether or not Thompson had wanted to cooperate upon being pulled over,
and Deputy Hatch testified that Thompson had refused to answer questions. (1) This
testimony did not match Thompson's subsequent testimony that he had asked Deputy
Hatch to take him to the Nueces County jail so that he could be videotaped. Also, during
his cross-examination of Deputy Hatch, defense counsel implied that Thompson had been
unfairly denied the opportunity to exonerate himself when the Deputy refused to take him
to Nueces County.

 Thompson's apparent trial strategy was to argue that he was not silent during the
post-arrest phase and that he, in fact, specifically asked why he could not be taken to a
facility where he could be videotaped to exonerate himself. Thus, he created an opportunity
for the prosecution to rebut this account--which the prosecution did with Deputy Hatch's
testimony that Thompson had been silent and uncooperative. It is not ineffective assistance
of counsel for Thompson's attorney to fail to object to evidence that he himself would render
admissible by subsequent questioning or testimony as part of a larger trial strategy. 
Schaffer, 721 S.W.2d at 595. (2) Thompson's first issue is overruled.

B. Motion for New Trial

 Thompson also alleges ineffective assistance of counsel on the grounds that trial
counsel failed to properly present a motion for new trial after a State witness allegedly
perjured himself. Thompson timely filed a motion for new trial on November 21, 2001. An
affidavit was attached which implicitly alleged perjury by one of the State's witnesses. 
Thompson asserts on appeal that trial counsel never presented the motion for new trial to
the trial court, and therefore, the motion was overruled by operation of law. We disagree.

 A defendant must present a motion for new trial to the trial court within ten days of
filing unless the court, in its discretion, permits it to be presented and heard within seventy-five days from the date when the court imposes or suspends sentences in open court. Tex.
R. App. P. 21.6; Rozell v. State, 176 S.W.3d 228, 229 (Tex. Crim. App. 2005). The
defendant is required to present the motion in order to put the trial court on actual notice
that he desires some action to be taken on the motion for new trial, such as a issuing a
ruling or granting a hearing. Carranza v. State, 960 S.W.2d 76, 78 (Tex. Crim. App. 1998). 
The mere filing of a motion for new trial alone is not sufficient to show presentment. Id.


 When an appellant files an application for writ of habeas corpus based upon
ineffective assistance of counsel, the trial court may consider all evidence filed with the
state's response, including affidavits of trial counsel. Ex parte Cummins, 169 S.W.3d 752, 
757 (Tex. App.-Fort Worth 2005, no pet.). The trial court has full discretion to choose
whether or not to believe statements made in such an affidavit. Shanklin v. State, 190
S.W.3d 154, 167 (Tex. App.-Houston [1st Dist.] 2005), pet. dism'd, improvidently granted,
211 S.W.3d 315 (Tex. Crim App. 2007). An appellate court is "not bound by the findings,
conclusions or recommendations" of a habeas court, but because the habeas court is better
situated to make determinations of credibility the appellate court "should defer to those
findings if they are supported by the record." Ex parte Thompson, 153 S.W.3d 416,
417-418 (Tex. Crim. App. 2005).

 In the instant case, as part of its response to Thompson's application for writ of
habeas corpus, the State filed an uncontroverted affidavit from Thompson's trial counsel,
which stated, in pertinent part, the following:

 Regarding presentment, I gave the trial court actual notice of the timely filing of the motion for new trial by bringing the motion to the attention of the trial
court. Within ten days of filing the motion, I notified the trial court's court
manager that I had timely filed a motion for new trial in Applicant's case, and
I requested that the trial court provide a hearing on the motion. 

Thompson presented no evidence to the habeas court to dispute this affidavit. Ordinarily,
there is a strong presumption that an affidavit is credible if it is uncontroverted. See
Whitehead v. Julian, 476 S.W.2d 844, 844 (Tex. 1972) (holding that a "sworn statement,
being uncontroverted, is accepted as true"). The trial court, in its denial of Thompson's
request for habeas relief, stated that it examined the state's response--which included this
affidavit--when reaching its decision. Thus, although the trial court did not file explicit
findings of fact in support of its denial of habeas relief, we may assume that the
uncontroverted affidavit led the trial court to an "implied finding of fact" that counsel timely
presented the motion for new trial. Charles v. State, 146 S.W.3d 204, 206 (Tex. Crim.
App. 2004). With no evidence in the record to contradict this implied finding, we defer to
the judgment of the trial court, and we overrule Thompson's second issue. Thompson, 153
S.W.3d at 417-18 (holding that an appellate court must defer to a habeas court's
determinations "if they are supported by the record"); see also Shanklin, 190 S.W.3d at 167
(stating that "[a]s long as the trial court's ruling was within the 'zone of reasonable
disagreement,' there is no abuse of discretion and the trial court's ruling will be upheld.").

 We also note, however, that regardless of whether the motion for new trial was
timely presented by defense counsel, Thompson would not have been prejudiced. 
Thompson asserts that the failure to present a motion for new trial by counsel prejudiced
him because he was unable to present evidence on direct appeal that perjured testimony
was used at trial. This purported evidence was an affidavit by a private investigator which
implied that the prosecutor knowingly used perjured testimony, a violation of Thompson's
due process protections. See Vasquez v. State, 67 S.W.3d 229, 239 (Tex. Crim. App.
2002); see also Ex parte Fierro, 934 S.W.2d 370, 372 n.2 (Tex. Crim. App. 1996).

 Thompson's assertion that no evidence was presented in support of his claim on
direct appeal is, however, untrue. The affidavit Thompson expects to bolster his case was
considered by this Court three years ago on direct appeal and found insufficient to support
a charge of perjury. Thompson, 2004 LEXIS 6860, at *12. Thompson also asserts that
he was prejudiced because he was unable to present this affidavit in a motion for new trial
and, therefore, prevail. Given that we adjudicated Thompson's claim of perjured testimony
three years ago on direct appeal, we decline to readdress allegations proffered by
Thompson. We shall defer to our judgment in Thompson. Id.

C. Exhibits

 In his third and final allegation of ineffective assistance of counsel, Thompson
argues that trial counsel failed to object to the introduction into evidence of two prior DWI
convictions.

 The Court of Criminal Appeals outlined the proper method to inform the jury of the
enhancement of a DWI offense to a felony where the suspect has stipulated to the prior
convictions in Tamez v. State:

 In cases where the defendant agrees to stipulate to the two previous DWI
convictions, we find that the proper balance is struck when the State reads
the indictment at the beginning of the trial, mentioning only the two
jurisdictional prior convictions, but is foreclosed from presenting evidence of
the convictions during the case-in-chief. This allows the jury to be informed
of the precise terms of the charge against the accused, thereby meeting the
rationale for reading the indictment, without subjecting the defendant to
substantially prejudicial and improper evidence during the guilt/innocence
phase of the trial. Following this logic, any prior convictions beyond the two
jurisdictional elements should not be read or proven during the State's case-in-chief--as long as the defendant stipulates to the two prior convictions--as
they are without probative value and can serve only to improperly prove the
defendant's "bad character" and inflame the jury's prejudice. 


11 S.W.3d 198, 202-03 (Tex. Crim. App. 2000).

 The State indicted Thompson for felony driving while intoxicated, enhanced to a
felony by two prior convictions in 1993 and 1997. Tex. Penal Code Ann. § 49.09(b)(2). 
Thompson stipulated to these previous convictions, and they were read to the jury in the
indictment and in the jury charge. During the guilt/innocence phase of the trial, however,
the prosecution introduced judgments of the convictions. Thompson's counsel did not
object. Buried within those convictions were references to an extraneous offense for
driving with a suspended license, a prior conviction for driving while intoxicated in Harris
County, and a probation revocation.

 In Robles v. State, the court of criminal appeals dealt with a similar issue. 85
S.W.3d 211, 212 (Tex. Crim. App. 2002). The suspect was charged with felony driving
while intoxicated and then offered to stipulate to the existence of two prior convictions the
State was required to prove. Id. He requested that the trial court prevent the State from
introducing evidence of the prior DWI convictions. Id. The trial court denied the suspect's
request. Id. The court of criminal appeals conducted an analysis under rule 403 of the
Texas Rules of Evidence. Id. at 212-13; see Tex. R. Evid. 403. After conducting the
analysis, the court held the following:

 Evidence of the convictions' existence is not necessary if the accused
stipulates to their existence because the statutory requirement has been
satisfied. The admission of evidence of prior convictions is error, even
though they are jurisdictional elements of the offense, because the danger
of unfair prejudice from introduction of the evidence substantially outweighs
the probative value.


Robles, 85 S.W.3d at 213-14. The court reemphasized this holding in Hollen v. State, 117
S.W.3d 798, 801 (Tex. Crim. App. 2003) (noting that the court found in Robles "that the
judgments of the prior convictions were inadmissible").


 Likewise, In Hernandez v. State, 109 S.W.3d 491, 495 (Tex. Crim. App. 2003) (en
banc), the court of criminal appeals held that the trial court erred in overruling the
appellant's motion to stipulate to prior convictions in a felony DWI case because admitting
the prior convictions into evidence would have constituted unfair prejudice against the
defendant. We conclude, in agreement with Robles and its progeny, that it is error to admit
evidence of prior convictions in a felony DWI case. Robles, 85 S.W.3d at 212.

 Nevertheless, even if evidence is found inadmissible and prejudicial, we may not
reverse a conviction unless the appellant demonstrates a reasonable probability that the
outcome of the trial would have been different had his counsel objected to the evidence
at trial. Strickland, 466 U.S. at 687.

 In the instant case, Thompson cannot demonstrate a reasonable probability that the
outcome of the trial would have been different had the evidence not been admitted, and
thus we do not believe that Thompson can establish ineffective assistance of counsel for
counsel's failure to object. See Soloman, 49 S.W.3d 356, 365. The convictions were read
to the jury from the indictment at the beginning of the trial and in the jury charge. The
indictment instructed the jury to disregard these previous convictions in deciding whether
Thompson was guilty of the current DWI. An instruction is presumed effective unless
consideration of the facts of the particular case "suggest[s] the impossibility of withdrawing
the impression produced on the minds of the jury[.]" Waldo v. State, 764 S.W.2d 750, 754
(Tex. Crim. App. 1988).



 Although not instructed to disregard these pieces of evidence, the evidence was
essentially the same as what was read to the jury previously and afterwards. There were
extraneous offenses mentioned in the paperwork of these two exhibits, but the jury never
saw these exhibits, they were not published to the jury, nor did the jury ever request to see
them during deliberations. It is also relevant that the State did not mention the prior
convictions during the closing arguments. See Byrd v. State, 187 S.W.3d 436, 444 (Tex.
Crim. App. 2005). Given the evidence of Thompson's guilt that had already been
presented, we cannot, as said above, hold that there was a reasonable probability that the
outcome of the trial would have been different had the evidence not been admitted. 

 Thompson's third point of error is overruled.

VI. CONCLUSION

 Thompson's claim of ineffective assistance of counsel is without merit. The
judgment of the trial court is AFFIRMED.

 

 __________________________

 GINA M. BENAVIDES

 Justice


Do not publish.

See Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and

filed this the 30th day of August, 2007.

1. Defendant's counsel objected to this testimony, but as we have previously adjudicated, he failed to preserve
error by seeking an adverse ruling from the trial court. Thompson, LEXIS 6860 at *5-6.
2. Thompson cites a number of cases noting that a defense counsel's failure to object to inadmissible conduct
is ineffective counsel, but these cases are inapposite because they do not concern instances in which trial
counsel had a larger strategy to emphasize the defendant's willingness to discuss his post-arrest conduct. 
See Ex parte Varelas, 45 S.W.3d 627, 632 (Tex. Crim. App. 2001); Ex parte Menchaca, 854 S.W.2d 128, 132
(Tex. Crim. App. 1993); Sessums v. State, 129 S.W.3d 242, 249 (Tex. App.-Texarkana 2004, pet. ref'd);
Brown v. State, 974 S.W.2d 289, 294 (Tex. App.-San Antonio 1998, pet. ref'd); Raney v. State, 958 S.W.2d
867, 879 (Tex. App.-Waco, 1997 pet. dism'd); Thomas v. State, 812 S.W.2d 346, 349-50 (Tex. App.-Dallas
1991, no pet.). Ex parte Varelas is particularly instructive because it states that the defense counsel's conduct
was ineffective only when "there was no other evidence in the record that counsel's failure was sound trial
strategy." Varelas, 45 S.W.3d at 632. In the instant case, there is evidence in the record that defense
counsel's behavior was sound trial strategy.